concurring in part and in result:
¶25. 'I agree that Ausbern’s claim for tortious interference with a contract' fails as a matter of law because there is no evidence of “malice,” which is án essential element of the tort. I also agree that, for that reason, we should reverse and render judgment in favor of Springer.
¶ 26. However, I disagree with the majority’s conclusion that Ausbern’s claim for tortious interference with a contract was subject to the pre-suit notice requirements of the Mississippi Tort Claims Act (“MTCA”). In fact, by proceeding against Springer individually without serving notice under the MTCA, Ausbern was simply following the clear holding of the Mississippi Supreme Court’s opinion in Zumwalt v. Jones County Board of Supervisors, 19 So.3d 672 (Miss.2009):
The MTCA does not apply to all claims against governmental entities. The Act provides specific exclusions to its protections and requirements, and each claim must be examined for MTCA application.
With respect to the claim of tortious interference with business relations and/or contracts, the MTCA does not apply. The MTCA provides immunity for the alleged torts of governmental entities. However, the MTCA waives that immunity, and the governmental entity is liable, for injuries caused by the entity or its employees while acting in the course and scope of their employment. •
Certain intentional torts are excluded from the MTCA’s waiver of immunity. Subsection (2) of Mississippi. Code Section 11-46-5 provides that torts constituting fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations are not within the course and scope of employment. Thus, these- intentional torts are outside the scope of the MTCA’s waiver of immunity, and the MTCA does not apply,
Tortious interference with business relations and contracts requires proof of malice as an essential element. Therefore, the MTCA does not apply to these torts, and any legal action against a ■governmental employee for these intentional■ torts must necessarily proceed against him or her as an individual.
Id. at 688 (¶¶ 81-85) (emphasis added; citations omitted).
¶ 27. Thus, in this case, Ausbern properly sued Springer “as an individual” on a non-MTCA claim for tortious interference with a contract — indeed, per Zumwalt, *1073 Ausbern was required to pursue the claim on that basis. And, like the chancellor in Zumwalt, the majority errs by holding that the claim is subject to the MTCA and that notice was required.
¶ 28. Zumwalt’s holding follows directly and logically from the plain language of the MTCA. “For .,. purposes of [the MTCA] an employee shall not be considered as acting within the scope and course of his employment and a governmental entity shall not be liable or considered to have waived immunity for any conduct of its employee if the employee’s conduct constituted ... rrialice....” Miss.Code Ann. § 11-46-5(2) (Rev.2012), Malice is an essential element of a claim for tortious interference with a contract. Therefore, the county was immune from liability for any alleged tortious interference by Springer, and Ausbern properly proceeded against Springer individually rather than serving pre-suit notice on the county. Zumwalt, 19 So.3d at 688 (¶¶ 81-85).
¶ 29., I agree with the majority that the Supreme Court’s subsequent decision in Whiting v. University of Southern Mississippi 62 So.3d 907 (Miss.2011), appears to conflict with Zumwalt insofar as it suggests that a claim for tortious interference with a contract is subject to the MTCA. See id. at 915 (¶ 15). However, the plaintiff in Whiting did not actually assert a claim for tortious interference; rather, she asserted a claim for breach of contract, which failed as a matter of law, and the Court stated “that if there were a,claim to be made, it would be for tortious breach of contract and tortious interference with contract.” Id. That is the opinion’s only mention of a claim for tortious interference with a contract. Moreover, Whiting did not discuss or even mention Zumwalt or the fact that “malice” is an essential element of the tort. Finally, post-Whiting, this Court has continued to cite Zumwalt for the proposition that a “[cjlaim of tor-tious interference with business contracts requires proof of malice and is, therefore, not subject to the MTCA.” Weible v. Univ. of S. Miss., 89 So.3d 51, 64 (¶40) (Miss.Ct.App.2011); see also Kelley LLC v. Corinth Pub. Utils. Comm’n, 200 So.3d 1107, 1114, 2016 WL 225356, at *5 n. 7 (Miss.Ct.App.2016) (stating that the MTCA does not waive sovereign immunity for claims alleging tortious interference with business relations because the tort requires proof of malice). For these reasons, I would not read Whiting’s passing reference to this tort as overruling, sub silentio, %umwalt’s clear and .considered holding that the tort is not subject to the MTCA’s notice requirements.
¶ 30. Part II of the majority opinion holds that the MTCA requires a plaintiff to serve a governmental entity with pre-suit notice of a claim for tortious interference with a contract, even though the MTCA and Zumwalt make clear that the governmental entity retains sovereign immunity on any such claim. I , respectfully disagree with that holding. However, I concur in the majority’s conclusion in Part I that Ausbern’s claim fails as a matter of law because he failed to prove '“malice,” an essential element of the tort. I also concur in the result because Ausbern’s failure of proof on an essential element is disposi-tive regardless of whether the MTCA applies,
LEE, C.J., GRIFFIS, P.J., AND FAIR, J., JOIN THIS OPINION.